Case 4:16-cv-02762   Document 105   Filed on 03/22/19 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
March 22, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | |
|---|---|
| URETEKNOLOGIA DE MEXICO S.A. DE C.V. AND URELIFT S.A. DE C.V. § § § <br> PLAINTIFFS, § § <br> VS. § <br> § <br> URETEK (USA), INC., BRENT J. BARRON, § AND RANDALL WAYNE BROWN § § <br> DEFENDANTS. § | C.A. NO. 4:16-CV-02762 |

## DEFENDANTS' DAUBERT MOTION IN LIMINE AS TO THE TESTIMONY OF BRUCE BLACKER

TO THE HONORABLE NANCY JOHNSON, UNITED STATES MAGISTRATE JUDGE:

Uretek (USA), Inc.("Uretek"), Brent J. Barron, and Randall Wayne Brown (collectively "Defendants") move pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) to exclude damage opinions of Bruce Blacker ("Blacker"), respectfully showing:

### OPINIONS TO BE EXCLUDED

1. **Any damage opinion relying upon a polymer cost of $18.26.** Blacker has no explanation for why this cost was necessary when prior litigation between these parties established that Plaintiff Ureteknologia Mexico S.A. de C.V. ("UdeM") established that Uretek was required to sell polymers to UdeM at 150% of its cost, about $3.00 per pound. He made no determination of the market price for similar polymers.

2. **Any damage calculation relying on "competition" prior to summer of 2016.** Assuming the company ALSO bid projects for performance using Uretek Processes in the summer of 2016. No person or entity was using the Uretek's Methods and Processes prior to that time.

3. **Any damages based on Plaintiffs' failure to obtain a "governmental approved" price of $735/kg.** There is no such price.

4. **Any damages based on Blacker's use of pre-performance budgets and projections rather than actual costs and revenues for job performance.**

5. **Damages based on Plaintiffs' failure to obtain any jobs they never bid upon.**

6. **Any damages because Blacker never analyzed Plaintiffs' available capital to perform any jobs it bid upon but did not win. Plaintiffs lost jobs due their failure to meet a bid minimum capital requirements.**

7. **Any opinions on a liquidated damages based on sales by Structural Plastics to ALO. Liquidated damages are based on a contract to which these entities were not a party.**

### Defendants Request a Preliminary Hearing Blacker's Opinions

Plaintiffs bear the burden of proof to show that Blacker's opinions and calculation meet the requirements of Rule 702 of the Federal Rules of Evidence. Blacker is the sole source of Plaintiffs' damage claims. If his opinions are excluded, there will be no need for a trial.

Respectfully submitted,

/s/ *Eugene B. Wilshire*
Eugene B. Wilshire
SBN 21665500
13810 Champion Forest Drive, Suite 140
Houston, Texas 77069
(713) 651-1221
(713) 651-0020 (facsimile)
ewilshire@wilshirescott.com

**Attorney in Charge for Defendants Uretek (USA), Inc., Brent J. Barron & Randall Wayne Brown**

### CERTIFICATE OF SERVICE

The undersigned certifies a true copy of the foregoing was served on all counsel of record by the Court's ecf system this 16th day of January, 2018.

/s/ *Eugene B. Wilshire*
Eugene B. Wilshire

Signed: 03.22.19

U.S. MAGISTRATE JUDGE