```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


URETEKNOLOGIA DE MEXICO S.A.    §
DE C.V., et al.,                §
                                §
     Plaintiffs,                §
                                §
v.                              §   CIVIL ACTION NO. H-16-2762
                                §
URETEK (USA), Inc., et al.,     §
                                §
     Defendants.                §
```

**MEMORANDUM OPINION**

Pending before the court is Defendant Uretek (USA), Inc.'s ("Uretek") Motion for Judgment as a Matter of Law (Doc. 135), the response and reply thereto. For the reasons discussed below, the motion is **DENIED**.

On January 17, 2020, the court granted in part and denied in part Uretek's Motion for Judgment as a Matter of Law.[1] The court found that Plaintiff Urelift's lost profit damages were too speculative as a matter of law but found that UdeM's liquidated damages jury award was supported by the evidence.

Uretek now moves for reconsideration of the court's entry of judgment on UdeM's liquidated damages award based on a recent Texas Supreme Court case, Atrium Medical Center, LP v. Houston Red C LLC, 595 S.W.3d 188 (Tex. 2020).

In Atrium, a hospital linen contract imposed a "cancellation fee" of forty-percent of the contract's value or the current

---

[1] See Doc. 127, Mem. Op. Dated Jan. 17, 2020.

invoice amount, whichever was greater, multiplied by the number of weeks remaining in the contract if the contract was breached. Atrium, 595 S.W.3d at 191. The contracting parties expressly agreed that this cancellation charge was not punitive but was a reimbursement for "related investments to service the customer." Id. The hospital later terminated the contract due to financial distress. Id. at 190.

After a bench trial, the court found that the liquidated damages provision was not a penalty and calculated damages by multiplying the last invoice amount by the remaining weeks in the contract. Atrium, 595 S.W.3d at 191. The breaching party objected on the grounds that the forty-percent liquidated damages provision was an unenforceable penalty. The court of appeals affirmed, relying on the trial court's finding that, at the time of contracting, actual damages would have been "very difficult, if not impossible to determine" and that the forty-percent amount was a "reasonable forecast" of the harm resulting from cancellation of the contract. Id. at 192.

The Texas Supreme Court first acknowledged that the freedom to contract is retrained by the "universal rule" that damages for breach of contract must be limited to "just compensation for the loss or damage actually sustained." Atrium, 595 S.W.3d at 192 (citing Stewart v. Basey, 245 S.W.2d 484, 486 (1952)). A damages provision that violated the rule of just compensation acted as a

penalty and was unenforceable.  Id.  In Phillips v. Phillips, 820 S.W.2d 785, 788 (Tex. 1991), the court found that liquidated damages provisions were enforceable when "(1) the harm caused by the breach is incapable or difficult of estimation, and (2) the amount of liquidated damages called for is a reasonable forecast of just compensation." Id. (citing Phillips, 820 S.W.2d at 486) (internal quotations omitted).  In addition to the two Phillips factors, courts must also consider whether the actual damages incurred were much less than the liquidated damages imposed, measured at the time of the breach.  Id. at 193.  An "unacceptable disparity" between the actual damages and liquidated damages rendered the liquidated damages provision unenforceable.  Id.  The burden of proof on this factor was on the breaching party.  Id. The court counseled that the determination of whether a liquidated damages provision was a penalty was a legal question but the answer to that question may depend on the underlying facts.  Id. at 195.

Based on the testimony concerning why the forty-percent figure had been agreed upon and other evidence supporting the reasonableness of the forty-percent figure, the Atrium court found that there was adequate factual support to conclude that the liquidated damages provision met the Phillips factors and that the breaching party failed to demonstrate an "unbridgeable discrepancy" between the amount of the actual and liquidated damages, measured at the time of the breach.  Id. at 198.

In the pending motion, Uretek complains that the fifty percent liquidated damages provision is unenforceable because there is no evidence supporting UdeM's claim for liquidated damages. The court agrees that the only evidence in the trial record concerning liquidated damages was UdeM's expert's testimony applying a fifty-percent "markup" to the allegedly competing invoices to come to his damage calculation for liquidated damages.[2]

But Uretek has waived the right to complain about the sufficiency of the evidence based on its failure to raise this issue at the close of UdeM's evidence. Pursuant to Federal Rule of Civil Procedure ("Rule") 50(a), a party may challenge the sufficiency of the evidence on any claim "after the nonmovant has been fully heard on an issue during a jury trial." See Fed. R. Civ. P. 50(a). The rule requires that the motion be made "at any time before the case is submitted to the jury." See Fed. R. Civ. P. 50(a)(2). Issues not raised in a Rule 50(a) motion are waived for future motions in the district court. See Flowers v. S. Reg'l Physician Servs. Inc., 247 F.3d 229, 238 (5th Cir. 2001).

Relevant to the present motion, Uretek moved for judgment as a matter of law on UdeM's liquidated damages claim on grounds that: (1) there was no evidence that Uretek competed in Mexico; (2) there was no evidence that Uretek sold the patented Uretek product to SPI in violation of the contract; and (3) liquidated damages are

---

[2] See Doc. 116, Trial Tr. p. 80.

not appropriate when actual damages can be calculated. Defendant's counsel stated:

> And, secondly, if the Court thinks this [SPI sales into Mexico] applies, it is now [a] penalty because the cases are very clear, you only apply a liquidated damage clause when you can't calculate your damages. We heard this for today, they can calculate damages. . . . [N]o liquidated damage clause could apply. And this one doesn't apply because they got to first prove that our company sold products into Mexico. And they did not.[3]

Clearly, Uretek's motion was based on the alleged factual insufficiency of the evidence that Uretek competed in Mexico in violation of the contract. And, although defense counsel used the word "penalty," in connection with his legal argument that liquidated damages should not be submitted to the jury if actual damages could be calculated, there was no suggestion anywhere in the record that the liquidated damages provision was unenforceable based on a lack of proof under the Phillips factors.

In further support of its conclusion that this issue was waived, the court need only look to the Joint Pretrial Order. "It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial." Kona Tech. Corp. v. S. Pac. Transp. Co., 225 F.3d 595, 604 (5th Cir. 2000)(quoting McGehee v. Certainteed Corp., 101 F.2d 1078, 1080 (5th Cir. 1996)). If a claim or issue is omitted from the pretrial order, it is waived. Allen

---

[3] See Doc. 117, Trial Tr. p. 47.

5

v. Radio One of Texas II, L.L.C., 515 F. App'x 295, 303 (5th Cir. 2013)(unpublished) (citing Elvis Presley Enters., Inc. v. Capece, 141 F.3d 188, 206 (5th Cir. 1998).

Whether the liquidated damages provision was an unenforceable penalty was not raised in the Joint Pretrial Order.  Uretek's defense to UdeM's claims on breach of the non-compete provision was that it was SPI and not Uretek who was competing with UdeM and that Urelift, as the assignee to the UdeM contract, did not consent in writing to the amendments in the Sublicense Agreement.[4]  The only statement in the Joint Pretrial Order specifically referencing liquidated damages stated, "Plaintiffs' damage claims show liquidated damages cannot be awarded."[5]  There was no reference in either the Contested Fact Section or the Contested Propositions of Law Section to the present contention that imposition of liquidated damages would be an unenforceable penalty.[6]

Defendant's Motion to Alter or Amend Judgment (Doc. 135) is **DENIED**.

**SIGNED** this 27th day of April, 2020.

_____
Nancy K. Johnson
United States Magistrate Judge

---

[4] See Doc. 109, Joint Pretrial Order, Defs.' Contentions p. 8.

[5] See id.

[6] See id. pp. 12-19.